IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| CURTIS KIRKLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>WOLFPOFF & ABRAMSON, LLP;<br>CENTURION CAPITAL CORP.; and<br>PALISADES ACQUISITION XVI, LLC<br><br>    Defendants. | Case No.: 07-650 |

## COMPLAINT

COMES NOW the Plaintiff, Curtis Kirkland, (hereafter the "Plaintiff") by counsel, and for his complaint against Defendants Wolfpoff & Abramson, LLP ( "W&A"), Centurion Capital Corp. ("Centurion") and Palisades Acquisition XVI, LLC ("Palisades") alleges as follows:

### JURISDICTION AND VENUE

The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

This is an action for actual, statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The violating actions addressed in this Complaint arise from the attempted collection of an account allegedly held by Plaintiff. Those collections attempts were made by Defendant Centurion, by Defendant W&A, Centurion's collections law firm and by Defendant Palisades, and violation multiple aspects of the FDCPA.

### PARTIES

1. The Plaintiff is a natural person and resident of Washington County, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. Defendant Wofpoff & Abramson, LLP ("W & A"), is a law firm with its principal place of business in the State of Maryland. For all relevant times, W & A was engaged in business

within the State of Alabama, including the collection of debts. W & A is regularly engaged in the practice of debt collection.

3.  Defendant Centurion, is a corporation which is incorporated under the laws of the State of Maryland and has its principal place of business in the State of Maryland. For all relevant times, Centurion was engaged in business within the State of Alabama, including the collection of debts. Centurion is regularly engaged in the practice of debt collection.

4.  Defendant Palisades is a corporation which is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey. At all relevant times, Palisades was engaged in business within the State of Alabama, including the collection of debts. Palisades is regularly engaged in the practice of debt collection.

## FACTS

5.  Beginning in or around August of 2006, Centurion and W&A began efforts to attempt to collect from Plaintiff alleged credit card debt originating with a credit card account with MBNA. ("MBNA Account"). The MBNA account was purported by Defendants to have been opened in December 2001 with the last payment made in June 2003.

6.  The collections efforts by Centurion and W&A included the initiation of arbitration proceedings against Plaintiff. At the time these proceedings were initiated, the alleged debt owed on the MBNA account was barred by the applicable statute of limitations. Centurion and W & A's collection actions also included the obtaining of an arbitration award against Plaintiff on or about February 6, 2007, as well as collection letters and phone calls made in March 2007.

7.  By letter dated August 29, 2006, Plaintiff notified Centurion and W&A that he disputed the debt. By that same letter, Plaintiff also requested verification of the alleged debt and requested that he not be contacted by phone.

8.  On March 5, 2007, Centurion executed a "Bill of Sale" purporting to transfer and assign certain accounts to an entity named Palisades Acquisitions XV, LLC, including the MBNA Account.

9. On that same day, W&A, on behalf of Centurion, mailed a collection letter to Plaintiff demanding payment on the MBNA Account. By the time the demand letter was received by Plaintiff, the MBNA account was no longer held by Centurion. Therefore, there was no legal basis for Centurion's attempted collection of that account or W & A's attempted collection on Centurion's behalf.

10. Beginning on March 14, 2007, W&A engaged in an aggressive campaign of collection calls to Plaintiff's home. These calls were made on behalf of Centurion, W&A's client, and were made in an attempt to collect on the MBNA Account. Between March 14, 2007 and April 9, 2007 at least 14 collection calls were made by W&A.

11. Defendant Palisades began its collection efforts regarding the MBNA Account and against Plaintiff on or about August 8, 2007 when it sought to confirm the arbitration award obtained by Centurion. Upon information and belief, Defendant Palisades was never assigned the MBNA debt and was not a party to the arbitration award.

## COUNT ONE
### (FDCPA - W&A)

12. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

13. This is a claim asserted against W & A for multiple violations of the FDCPA.

14. Defendant W & A is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15. Defendant has violated the FDCPA in connection with its attempts to collect alleged debt relating to the MBNA Account against Plaintiff. Defendant W&A's violations include, but are not limited to, the following:

   A. Contacting or communicating with Plaintiff in an attempt to collect a debt after Plaintiff had disputed the debt and requested that such communications cease. This is a violation of 15 U.S.C. § 1692c(c).

   B. Attempting to collect amounts which are not authorized by any contract or judgment in violation of 15 U.S.C. § 1692f(1);

3

    C.    Making repeated attempts to collect a debt in spite of its failure, after Plaintiff disputed the debt, to provide written verification of the debt. This is a violation of 15 U.S.C. § 1692g(b);

    D.    Making attempts to collect, including initiation of the arbitration proceeding, obtaining the arbitration award, sending collection letters and initiating collection calls against Plaintiff, on a debt which W&A knew or should have known was barred by the applicable statutes of limitation. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A) & (10).

    E.    Engaging in or using unfair or unconscionable means to collect or attempt to collect a debt. This is a violation of 15 U.S.C. § 1692f.

16. All or most of the actions taken by W & A in violation of the FDCPA occurred within one year of the filing prior to this action.

17. Plaintiff has suffered actual damages as a result of W&A's violaitons.

18. As a result of its violations of the FDCPA, W & A is liable to Plaintiff for declaratory judgment that W & A violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant W & A for the following:

    A.    Statutory damages pursuant to 15 U.S.C. 1692k;

    B.    Actual damages;

    C.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    D.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

    E.    Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
## (FDCPA - CENTURION)

19. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

20. This is a claim asserted against Centurion for multiple violations of the FDCPA.

21. Defendant Centurion is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. At all relevant times, Defendant W&A acted as Centurion's agent with respect to the collection actions taken against Plaintiff.

23. Defendant Centurion has violated the FDCPA in connection with its attempts to collect alleged debt relating to the MBNA Account against Plaintiff. Defendant Centurion's violations include, but are not limited to, the following:

    A. Contacting or communicating with Plaintiff in an attempt to collect a debt after Plaintiff had disputed the debt and requested that such communications cease. This is a violation of 15 U.S.C. § 1692c(c).

    B. Attempting to collect amounts which are not authorized by any contract or judgment in violation of 15 U.S.C. § 1692f(1);

    C. Making repeated attempts to collect a debt in spite of its failure, after Plaintiff disputed the debt, to provide written verification of the debt. This is a violation of 15 U.S.C. § 1692g(b);

    D. Making attempts to collect, including initiation of the arbitration proceeding, obtaining the arbitration award, sending collection letters and initiating collection calls against Plaintiff on a debt which Centurion knew or should have known was barred by the applicable statutes of limitation. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A) & (10).

    E. Engaging in or using unfair or unconscionable means to collect or attempt to collect a debt. This is a violation of 15 U.S.C. § 1692f.

24. All or most of the actions taken by Centurion in violation of the FDCPA occurred within one year of the filing prior to this action.

25. Plaintiff has suffered actual damages as a result of Centurion's violations.

26. As a result of its violations of the FDCPA, Centurion is liable to Plaintiff for declaratory judgment that Centurion violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Centurion for the following:

A. Statutory damages pursuant to 15 U.S.C. 1692k;

B. Actual damages;

C. Declaratory judgment that Defendant's conduct violated the FDCPA;

D. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

E. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT THREE
## (FDCPA - PALISADES)

27. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

28. This is a claim asserted against Palisades for multiple violations of the FDCPA.

29. Defendant Palisades is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. Defendant Palisades has violated the FDCPA in connection with its attempts to collect alleged debt relating to the MBNA Account against Plaintiff.

31. Defendant Palisades' violations include, but are not limited to, the following:

A. Making attempts to collect, including the attempt to have the arbitration award confirmed, on a debt which Palisades knew or should have known was barred by the applicable statutes of limitation. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A) & (10).

B. Attempting to collect amounts which are not authorized by any contract or judgment in violation of 15 U.S.C. § 1692f(1);

    C.    Engaging in or using unfair or unconscionable means to collet or attempt to collect a debt. This is a violation of 15 U.S.C. § 1692f.

32.    All or most of the actions taken by Palisades in violation of the FDCPA occurred within one year of the filing prior to this action.

33.    Plaintiff has suffered actual damages as a result of Palisades' violaitons.

34.    As a result of its violations of the FDCPA, Palisades is liable to Plaintiff for declaratory judgment that Palisades violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Palisades for the following:

    A.    Statutory damages pursuant to 15 U.S.C. 1692k;

    B.    Actual damages;

    C.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    D.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

    E.    Such other and further relief as this Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

Wolfpoff & Abramson, LLP
507 Prudential Road
Horsham, PA 19044


Centurion Capital Corporation
700 King Farm Boulevard
Rockville, MD 20850

Palisades Acquisition XV, LLC
210 Sylvan Avenue
Englewood Cliffs, New Jersey 07632